UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert James BRUNING,
Defendant–Appellant.

No. 89–6425.

United States Court of Appeals,
Tenth Circuit.

Sept. 12, 1990.

June E. Tyhurst, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Timothy D. Leonard, U.S. Atty., and John E. Green, First Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before McKAY, TACHA, and BALDOCK, Circuit Judges.

TACHA, Circuit Judge.

Defendant Robert Bruning appeals his sentence under U.S.S.G. section 2B5.1(b)(2) for passing counterfeit notes. We affirm.[1]

Bruning pleaded guilty to one count of knowingly passing counterfeit $100 United States Reserve Notes in violation of 18 U.S.C. section 472. At the sentencing hearing the district court expressly found by a preponderance of the evidence that the defendant was in possession of a color office copier, green ink, and other materials used in manufacturing the counterfeit notes. Based on the proffered testimony of federal agent Leon Bevers that approximately $11,000 worth of the counterfeit notes had been passed in the metropolitan Oklahoma City area during the summer of 1989, the district court also found that the notes were not so obviously counterfeit that they would be unlikely to be accepted even if subjected to only minimal scrutiny. Relying upon these findings, the district court applied U.S.S.G. section 2B5.1(b)(2):

> If the defendant manufactured or produced any counterfeit obligation or security of the United States, or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting, and the offense level as determined above is less than 15, increase to 15.

The defendant contends that application note 3 to section 2B5.1 prohibits the district court from applying subsection (b)(2):

> 3. Subsection (b)(2) does not apply to persons who merely photocopy notes or

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

otherwise produce items that are so obviously counterfeit that they are unlikely to be accepted even if subjected to only minimal scrutiny.

The defendant argues that we should read application note 3 as excluding from subsection (b)(2) all persons who produce counterfeit notes by photocopying. We reject the defendant's proposed reading of application note 3 because it would protect even the most successful counterfeiters from the enhanced penalties of subsection (b)(2) based solely on the method of production, photocopying. We read application note 3 as excluding from subsection (b)(2) those defendants who produce notes, by photocopying or other means, that "are so obviously counterfeit that they are unlikely to be accepted even if subjected to only minimal scrutiny." Our interpretation of application note three is consistent with the purpose behind the enhanced penalties of subsection (b)(2). "Possession of counterfeiting devices to copy obligations (including securities) of the United States is treated as an aggravated form of counterfeiting because of the sophistication and planning involved in manufacturing counterfeit obligations and the public policy interest in protecting the integrity of government obligations." U.S.S.G. § 2B5.1, comment. (backg'd.).

The judgment of the district court is AFFIRMED.