30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert James BRUNING, Defendant-Appellant.
 No. 94-6030.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BRORBY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Bruning entered a guilty plea to the crime of possessing $6,721 in counterfeit federal reserve notes in violation of 18 U.S.C. 471 and was sentenced to thirty months imprisonment. Mr. Bruning appeals his sentence asserting his offense level should be less as the counterfeit notes were so obviously counterfeit they were unlikely to be accepted.
 
 
 3
 The sentencing guidelines involved are simple and unambiguous. U.S.S.G. 2B5.1(b)(2) contains the significant instruction for computing Mr. Bruning's offense level. Section 2B5.1(b)(2) requires if the defendant created the counterfeit notes, as Mr. Bruning admitted to doing, the base offense level is to be increased from 9 to 15. Application note 3 states this increase does not apply to persons "who merely photograph notes or otherwise produce items that are so obviously counterfeit that they are unlikely to be accepted even if subject to only minimal scrutiny."
 
 
 4
 Mr. Bruning objected to the presentence report by stating he believed Application note 3 applied to the bills he counterfeited. This argument was also raised at the sentencing hearing.
 
 
 5
 At the sentencing hearing, some of the counterfeit notes produced by Mr. Bruning were introduced into evidence. After examining the notes, the trial court stated:
 
 
 6
 Well, I don't need to look any further than that to know that they're very easily passable as notes, either in comparison to Plaintiff's Exhibit Number 2 or Plaintiff's Exhibit Number 3 or standing alone. The two-sided notes are clearly of sufficient quality that they don't even come close to the exception in [Application note 3] as raised in the defendant's objections.
 
 
 7
 The trial court visually and tactually inspected the notes before making its factual determination. Additionally, Mr. Bruning successfully passed approximately $11,000 of the counterfeit bills.
 
 
 8
 The issue of whether or not counterfeit bills were obviously counterfeit and unlikely to be accepted if passed is a factual issue. We will not disturb a factual finding of the sentencing court unless the sentencing court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made. United States v. Bernaugh, 969 F.2d 858, 864 (10th Cir.1992). We review the court's factual findings under a clearly erroneous standard. Id.
 
 
 9
 In the case before us, Mr. Bruning went to a copying center at the University of Central Oklahoma and used a copying machine to produce three different series of federal reserve notes in a colorized version. We have previously held, in a case involving Mr. Bruning, and Mr. Bruning concedes, that the fact counterfeit bills were produced merely by photocopying does not, by itself, exclude a defendant from the enhancement. See United States v. Bruning, 914 F.2d 212 (10th Cir.), cert. denied, 498 U.S. 990 (1990).
 
 
 10
 Mr. Bruning in his brief to this court fails to inform us why the bills are obviously counterfeit. Additionally, Mr. Bruning has failed to include the counterfeit bills in the record on appeal. There is no support for the conclusion the sentencing court's factual finding was clearly erroneous. The record does not support the inference the bills were so obviously counterfeit they were not likely to be accepted.
 
 
 11
 The judgment and sentence of the district court are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470